IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOSHUA JAMES MEADOWS,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:25-CV-3175-L-BK** |
| § | |
| **STATE OF TEXAS,** § | |
| § | |
| Defendant. § | |

# ORDER

On December 5, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court deny Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 4), and dismiss this action as barred by the three-strikes provision of pursuant to 28 U.S.C. § 1915(g). The Report notes that such dismissal should be with prejudice to Plaintiff refiling an *in forma pauperis* lawsuit raising the same claims, but without prejudice to him refiling this lawsuit with full payment of the $405 for filing and administrative fees.

On December 29, 2025, the court received a one-paragraph letter from Plaintiff that was docketed as Plaintiff's "Notice of Identity" (Doc. 28) and contains nonsensical statements such as "I am myself." Even construing this document as a timely objection to the Report, it fails to provide any valid basis for rebutting the magistrate judge's factual or legal analysis, or her recommendation. The court, therefore, **overrules** the objection.

Having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which Plaintiff objected, the court determines that the findings and conclusions of the magistrate judge are correct, and it **accepts** them as those of the

**Order – Page 1**

court. Accordingly, the court **denies** Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 4), and **dismisses** this action as barred by the three-strikes provision of pursuant to 28 U.S.C. § 1915(g). Dismissal is with prejudice to Plaintiff refiling an *in forma pauperis* lawsuit raising the same claims, but without prejudice to him refiling this lawsuit with full payment of the $405 for filing and administrative fees.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order.

Because Plaintiff has accumulated three strikes, he cannot file any new lawsuit or appeal without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial partial payment provision of Section 1915. Accordingly, if Plaintiff appeals, he must pay the appellate fee in full. As explained, however, Plaintiff may challenge this determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.

**It is so ordered** this 11th day of February, 2026.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

Order – Page 3